# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**ANDREW L. BRADLEY**      **PLAINTIFF**

**V.**      **NO. 2:11CV090-M-S**

**SHANE BREWER, et al.**      **DEFENDANTS**

## MEMORANDUM OPINION

The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, filed this action *pro se* pursuant to 42 U.S.C. § 1983. The Plaintiff is attempting to maintain claims for malicious prosecution and false arrest. As stated, however, the Plaintiff's claims are deficient. A show cause order was issued explaining the elements necessary to successfully maintain these claims and directing the Plaintiff to provide more facts and information. The show cause order warned that his claims, as stated, were insufficient to proceed and that the failure to comply with the order may lead to dismissal of his complaint. Despite the order and warning, the Plaintiff has not responded.

*A. Malicious Prosecution*

In order to state a claim for malicious prosecution, the plaintiff must demonstrate:

(1) the institution or continuation of original judicial proceedings, either criminal or civil;

(2) by, or at the insistence of the defendants;

(3) the termination of such proceeding in plaintiff's favor;

(4) malice in instituting the proceeding;

(5) want of probable cause for the proceedings; and

(6) the suffering of damages as a result of the action or prosecution.

*Strong v. Nicholson,* 580 So.2d 1288, 1293 (Miss.1991). *See also Castellano v Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003).

The Plaintiff takes issue with the search warrant used to support the underlying criminal charges. He summarily claims that the warrant is invalid. The warrant, which is attached to the complaint, is facially valid. Furthermore, the Plaintiff has failed to plead facts addressing each of the six elements. The Plaintiff has failed provide facts alleging the criminal proceedings terminated in his favor, that the proceedings were instituted with malice, that there was a lack of probable cause or that he has suffered any damage as a result of his incarceration. The claim for malicious prosecution, therefore, will be dismissed.[1]

### B. False Arrest

In order to state a claim for false arrest under the Fourth Amendment, a plaintiff must allege

(1) that he was arrested, and

(2) that the arrest did not have the requisite probable cause.

*Haggerty v. Tex. S. Univ.*, 391, F.3d 653, 655-56 (5th Cir. 2004). The Plaintiff has failed to plead facts addressing each element. Again, the Plaintiff does not assert the absence of probable cause as a defect in his arrest. Rather, the Plaintiff simply proclaims that the search warrant was invalid. Such conclusory allegations are insufficient to maintain a claim for false arrest.

### C. Violation of his Wife's Rights

Finally, the Plaintiff states that the officers' actions violated his wife's constitutional rights when they entered her home without a warrant. First, not every search requires a warrant. There are exceptions to the warrant requirement, such as consent. *United States v. Tompkins*, 130 F.3d 117, 121 (5th Cir. 1997). Secondly, and more importantly, the Plaintiff may not maintain a claim based on a violation of someone else's rights. The Plaintiff has no standing to assert rights of third parties. *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 967, 704 (5th Cir. 1991).

---

[1] Since the Plaintiff was actually convicted of the sale of drugs, a malicious prosecution claim would be barred by *Heck*. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (a cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated).

### D. Failure to Comply

Alternatively, the court can dismiss the complaint for the Plaintiff's failure to comply with the show cause order. Rule 4l(b), Federal Rules of Civil Procedure, provides, *inter alia*,

> For failure of the plaintiff to prosecute or to comply with these Rules or any order of the court defendant may move for dismissal of an action or of any claim against him.

Even though the Rule addresses dismissal on motion of a defendant, it is now settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. *Lopez v. Aransas County Independent School District*, 570 F.2d 54l, 544 (5th Cir. l978). Rule 4l(b) further provides, *inter alia*:

> Unless the court in its order for dismissal otherwise specifies, dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule l9, operates as an adjudication upon the merits.

Given the absence of a response to the show cause order, which also included a warning that dismissal was possible, the complaint may also be dismissed under Rule 41(b).

### E. Conclusion

This matter shall be dismissed for failure to state a claim upon which relief may be granted. In the alternative, the complaint will be dismissed for the Plaintiff's failure to comply with the show cause order.

A final judgment in accordance with this opinion will be entered**.**

THIS the 17th day of August, 2011.

                                              **/s/ MICHAEL P. MILLS**
                                              **CHIEF JUDGE**
                                              **UNITED STATES DISTRICT COURT**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**